IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| KEVIN ANTONIO WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-00357 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARK, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Kevin Watson, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983, alleging that prison officials violated his due process rights under the Fifth and Fourteenth Amendments relating to a disciplinary charge and hearing in January and February, 2020. Plaintiff names as defendants: Harold Clarke, Carl Manis, Barry Kanode, and the Commonwealth of Virginia. Plaintiff seeks compensatory and punitive damages against the individually named defendants, and seeks orders granting injunctive relief with respect to his "Good Time Level," transfer to a higher security prison, and classification as a sexual violent predator. (*See generally* Compl. at 8–11 [ECF No. 1].) He also seeks a declaration  that Disciplinary Code 53.1-25 and Operating Procedure 861.1 violate the Fifth and Fourteenth Amendments,  as well as Article I, Section 10 of the United States Constitution. (*Id.* at 12.)

Plaintiff's claims arise from the following occurrence: On January 19, 2020, Nurse Dye was conducting pill call in the cell pod when she claims she observed Plaintiff in the shower, with the door opened slightly, looking directly at her while masturbating. (Defs.' Mem. in

Supp. of Mot. for Summ. J. pg. 4 (Undisputed Facts) [ECF No. 18].) As a result, Nurse Dye charged Plaintiff with Disciplinary Offense Code 137(A) for lewd or obscene acts directed toward or in the presence of another. (*Id.*) Plaintiff was served with and notified of the charges against him, and the rights afforded to him, that same day. (*Id.*)

A disciplinary hearing was conducted on February 1, 2020, and Plaintiff was assigned a staff advisor to assist him. (*Id.*) During the hearing, Plaintiff did not raise any concerns or objections regarding his due process rights, and Plaintiff was given the opportunity to confront witnesses and offer any statements or evidence on his behalf. (*Id.* at 4–5.) Plaintiff was found guilty of the offense, assessed a $10 penalty, and advised of his right to appeal the decision. (*Id.* at 6–7.) Plaintiff did appeal the hearing decision to Levels I and II, but the decision was upheld. (*Id.* at 7.) Plaintiff subsequently filed this complaint under 42 U.S.C. § 1983, seeking the relief outlined above.

Defendants now move for summary judgment on each of Plaintiff's claims. For the reasons stated below, the court will grant Defendants' motion for summary judgment.

## I. MOTION FOR SUMMARY JUDGMENT STANDARD

Under Rule 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether a genuine

dispute of material facts exists, the court must view the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam).

## II. ANALYSIS

### A.     Claims A and B

Plaintiff asserts Claims A and B against Defendant Clarke in his individual capacity and as a disciplinary appeal supervisor. (*See* Compl. pgs. 6–8.) In essence, Plaintiff alleges that Clarke: (1) violated his due process rights under the Fifth Amendment by failing to give him notice of the conduct prohibited by Disciplinary Offense Code 137(A); and (2) violated his due process rights under the Fourteenth Amendment by failing to conduct a "minimal investigation" when shown "evidence of a due process violation." (*Id.*) Clarke asserts these claims fail because there is insufficient evidence to show that he took direct personal actions that violated Plaintiff's constitutional rights.

For a cause of action under 42 U.S.C. § 1983, a plaintiff must establish a deprivation of rights guaranteed by the Constitution that resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In other words, "a plaintiff must [show] that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added).

Plaintiff's Complaint provides no indication of Clarke's individual actions that allegedly violated Plaintiff's constitutional rights. Plaintiff asserts that, by changing Disciplinary Offense Code 210(A) (2009) to now Disciplinary Offense Code 137(A) (2016), Clarke, as the Director of the Virginia Department of Corrections, individually failed to provide notice of what

conduct is prohibited under the code, in violation of the Fifth and Fourteenth Amendments. (ECF No. 1.) Yet, as Plaintiff aptly points out, this change was merely a change in name/number only; the language of 137(A) is the exact same as that in 210(A). As such, Clarke's involvement here is minimal and, in any event, did not violate any of Plaintiff's constitutional rights.

Likewise, under Claim B, Plaintiff does not allege any facts to support the conclusion that Clarke was personally involved in a separate due process violation for failing to conduct a "minimal investigation." As Defendants contend, Clarke's involvement in Plaintiff's disciplinary hearing or appeals process amounted to redirecting correspondence received from Plaintiff to the Inmate Discipline Manager, Karen Stapleton. Clarke did not hear or respond to Plaintiff's Level I or II appeals. (*See* Compl. pg. 9.) In sum, Plaintiff has not alleged any facts showing that Clarke was individually involved in any deprivation of Plaintiff's due process rights. Therefore, the court will grant Defendants' motion for summary judgment as to Claims A and B.

## B.    Claims C and D

In Claims C and D, Plaintiff alleges that Defendants Manis and Kanode violated his Fourteenth Amendment rights to due process because they failed to conduct a "minimal investigation" when he presented them with evidence of a due process violation. (Compl. pgs. 9–11.) Defendants assert that Plaintiff received adequate due process in his disciplinary hearing under the Fourteenth Amendment, thus entitling them to summary judgment on both claims. The court agrees.

An inmate at a disciplinary hearing is not entitled to the full panoply of rights accorded

to a defendant at a criminal trial. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Although it is well established that prisoners cannot be subject to arbitrary discipline by prison officials, *Howard v. Smyth*, 365 F.2d 428 (4th Cir. 1966), prisoners' rights must be necessarily balanced against the interest of institutional security. *Wolff v. McDonnell*, 418 U.S. 539 (1974). A prisoner's rights may be "diminished" by institutional needs, but a "prisoner is not wholly stripped of constitutional protections when . . . imprisoned for crime." *Id.* at 555–56. In *Wolff*, the Supreme Court "struck a careful balance between inmates' due process interests and the legitimate goals and security concerns of a penal institution." *Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016). The result was a clear explanation of the procedural safeguards afforded to inmates at disciplinary hearings, "beginning, most critically, with a hearing at which an inmate may call witnesses and present documentary evidence unless doing so would present an undue hazard." *Id.* at 253 (citing *Wolf*, 418 U.S. at 557–58). Thus, under *Wolff*, the core component of due process in the prison context is the right to a hearing. *Id.*

As Defendants correctly point out, Plaintiff's due process rights were observed in this case. Plaintiff was served with and received notice of the charges against him more than 24 hours in advance. *See Wolff*, 418 U.S. at 564. A hearing was conducted on February 1, 2020, where Plaintiff was allowed to question the witnesses against him and present his own statements and evidence. *See id.* at 559. After conviction and penalty, Plaintiff was advised of his right to appeal the decision, which he did. Clearly, Plaintiff was afforded the protections owed to him under *Wolff* and the Constitution. No genuine dispute as to any material fact exists regarding a due process violation under the Fourteenth Amendment, and Defendants are entitled to judgment as a matter of law. The court will therefore grant Defendants' motion

for summary judgment as to Claims C and D.

## C.      Claim E

Plaintiff's Claim E asserts the Commonwealth of Virginia is liable in its official capacity. Plaintiff contends that Virginia Code § 53.1-25 and OP 861.1 are unconstitutional for violating his due process protections under the Fifth and Fourteenth Amendments and Article 1, Section 10 of the United States Constitution. (*See* ECF No. 1.) Defendants contend this claim is barred as a matter of law.

Suits brought by citizens against their own states are generally barred by the Eleventh Amendment. The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Courts have held this immunity to extend to "state agents and state instrumentalities." *Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 429 (1997); *see also Equity In Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 107 (4th Cir. 2011). In the context of a § 1983 claim, "neither the state nor the individual state actors, sued in their official capacities, are considered a "person" subject to suit." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, Plaintiff's claim against the Commonwealth of Virginia is barred by law. The court will therefore grant Defendants' motion for summary judgment as to Claim E.

## IV. CONCLUSION

For the reasons stated above, the court will grant Defendants' motion for summary judgment

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 29th day of September, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE